IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BOMBAYWALA FAMILY TRUST, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-09-3129 |
| § | | |
| UNITED STATES OF AMERICA, § | | |
|     Defendant. § | | |

## **MEMORANDUM AND ORDER**

This federal tax case is before the Court on the request by FC Market Partners, L.P. ("FC") for an order requiring the United States of America to pay into the United States Bankruptcy Court the proceeds of the sale of three pieces of property.[1] Because the parties agree that there are no facts in dispute and that the issue is purely a legal one, the Court treats FC's request as a Motion for Summary Judgment [Doc. # 75]. The United States of America filed a Response [Doc. # 78], FC filed a Reply [Doc. # 80], and the United States filed Supplemental Briefing [Doc. # 81]. Having reviewed the full record and applied governing legal authorities, the Court **denies** FC's Motion.

---

[1] FC originally sought to include in the requested order a fourth piece of property, known as the Bombaywala Residence. FC now has abandoned this request as to the Bombaywala Residence.

**I.     BACKGROUND**

In 1989 and in 1993, Ghulam Bombaywala formed trusts for the benefit of his children.  In January 1994, he established the Bombaywala Family Trust ("BFT"), naming the childrens' trusts as the beneficiaries of the BFT.  Ghulam Bombaywala's father was the initial trustee, and his son is the current trustee.  Ghulam Bombaywala has never been listed as the trustee of the BFT.

In 1996, the BFT, not Ghulam Bombaywala, purchased two pieces of real property, the "Houston Property" and the "Victoria Property."

FC obtained a judgment against Ghulam Bombaywala on October 21, 2004, in the amount of $785,941.20, plus post-judgment interest.  In July 2005, FC recorded an abstract of its judgment against Ghulam Bombaywala in Fort Bend County, Galveston County, and Harris County.  FC did not record an abstract of its judgment in Victoria County.

Ghulam Bombaywala filed bankruptcy on October 13, 2005.  FC filed a proof of claim in January 2006, and an amended proof of claim in January 2007.  The Internal Revenue Service ("IRS") also asserted claims for federal tax debts.

The BFT filed this lawsuit asserting a wrongful levy by the IRS on property owned by the BFT to satisfy the federal tax debts owed by Ghulam Bombaywala. The United States filed a counterclaim and third-party complaint to recover over $6.6

million in federal tax debts owed by Ghulam Bombaywala personally. The United States argued that the BFT was merely a nominee of Ghulam Bombaywala, who was the true owner of property held in the BFT's name. On that basis, the United States asserted that it could levy upon and foreclose upon real property held in BFT's name to satisfy tax liability of Ghulam Bombaywala individually.

FC counterclaimed and cross-claimed that if the United States prevailed on its claim that the BFT was a "sham," then the sale proceeds of three pieces of property owned by the BFT should be paid into the United States Bankruptcy Court to be administered as part of Ghulam Bombaywala's bankruptcy estate. The three pieces of property are referred to in the record as the Victoria Property, the Houston Property, and the Galveston Property.[2]

The United States, the BFT, Ghulam Bombaywala and others settled their dispute. In connection with the settlement, the parties requested and obtained entry of an Agreed Judgment [Doc. # 73]. As part of the settlement, the Agreed Judgment provides *inter alia* for the three subject properties to be sold and the net proceeds applied to Ghulam Bombaywala's federal tax liabilities.

---

[2] The Bankruptcy Trustee has affirmatively abandoned any interest of Ghulam Bombaywala's bankruptcy estate in the Galveston Property. *See* Ghulam Bombaylawa, Debtor, United States Bankruptcy Court for the Southern District of Texas, Case No. 05-90371, Doc. # 157.

## II.     BASIS FOR FC'S REQUEST

In its Motion for Summary Judgment, FC requests a Court order for the proceeds from the sale of the three properties to be paid into the United States Bankruptcy Court.  FC identifies the single issue on which it bases its request for the Court order as follows:  "If the United States of America's claims that the Bombaywala Family Trust truly was a "sham" are shown to be true, then the assets" from the sale of the subject properties should be turned over to the United States Bankruptcy Court to be administered as part of the bankruptcy estate of Ghulam Bombaywala.  *See* Motion for Summary Judgment, p. 2.  Thus, FC's premise for the requested relief is that the BFT is shown to be a "sham."  FC provides no evidence to establish that the BFT was or is a sham, and there has been no finding or admission to that effect.  Therefore, there is no basis for this Court to order that proceeds from the sale of the BFT properties be paid into the Bankruptcy Court as part of the bankruptcy estate of Ghulam Bombaywala.

Notably, whether the BFT was merely an alter ego or nominee of Ghulam Bombaywala was the primary contested factual issue in this case.  Stated in various ways, it was identified in the parties' Joint Pretrial Order [Doc. # 59] as "whether the Bombaywala Family Trust is merely an alter ego or a nominee of [Ghulam] Bombaywala," "whether the Trust is a sham trust, used by Bombaywala to avoid

paying the IRS," and whether "Ghulam Bombaywala is the true owner of the Houston and Victoria properties." *See* Joint Pretrial Order, Contested Facts, pp. 21-22.  There has been no finding on the issue, and the BFT settlement with the IRS did not include an admission that the BFT is an alter ego, nominee, or sham.  Absent a finding or an admission that the BFT is a "sham," the premise for FC's requested relief fails.  FC identifies no other legal basis in this record for the Court to require that proceeds from the sale of BFT property be paid into Ghulam Bombaywala's bankruptcy estate.[3]

### III. CONCLUSION AND ORDER

This Court has not made a finding that the BFT is an alter ego or nominee of Ghulam Bombaywala or is otherwise a "sham."  Indeed, that factual dispute was contested throughout this litigation and there appeared to be evidence supporting both the BFT's and the IRS's positions.  The settlement between the BFT, Ghulam Bombaywala, and the United States does not include an admission that the BFT is a "sham."  Without such a finding or admission, there is no basis for requiring proceeds from the sale of the three BFT-owned properties to be paid into the Bankruptcy Court

---

[3] Because there is legal basis to require the net proceeds from the sale of BFT-owned properties into Ghulam Bombaywala's personal bankruptcy estate, the Court need not decide the effect of prior orders in Bombaywala's personal bankruptcy proceeding or the relative security positions of FC and the IRS as to the BFT-owned properties.

to be administered as part of Ghulam Bombaywala's personal bankruptcy estate. As a result, it is hereby

**ORDERED** that FC's Motion for Summary Judgment [Doc. # 75] requesting a Court order for the proceeds from the sale of the four pieces of real property at issue to be paid into the United States Bankruptcy Court is **DENIED**.

SIGNED at Houston, Texas, this **29<u>th</u>** day of **June, 2011.**

_____
Nancy F. Atlas
United States District Judge